UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ENVIROSHIELD TECHNOLOGIES, LLC**              **CIVIL ACTION**

**VERSUS**                                                             **NUMBER 07-679-RET-DLD**

**LONESTAR CORROSION SERVICES, INC., ET AL**

## REPORT AND RECOMMENDATION

This matter is before the court for a report and recommendation on plaintiff's Motion to Remand (rec. doc. 4). The motion is opposed.

*Background*

Plaintiff filed suit in Louisiana state court against three Texas citizens and one Louisiana citizen, Richard Sauce. The diverse defendants removed the matter to federal court, alleging that the non-diverse defendant, Richard Sauce, had been fraudulently joined, and that the court had diversity jurisdiction pursuant to 28 U.S.C. §1332. The motion to remand followed.

In its petition for damages, the plaintiff alleged that the defendants engaged in various unfair trade practices and conspiracies to commit unfair trade practices, intentional interference with contract and business dealings, and with regard to defendant Sauce, breach of fiduciary duty, breach of loyalty, and misrepresentation to Enviroshield Technologies, LLC (Enviroshield), of which Sauce was a member. Sauce was also apparently an employee of defendant Lonestar Corrosion Services, Inc. (Lonestar). In its petition, plaintiff accused Sauce of various misrepresentations which damaged the plaintiff in its business relationships. Plaintiff alleged unfair trade practices, conspiracy to commit

unfair trade practices, breach of fiduciary duty, intentional interference with contract and business dealings, and breach of duty of loyalty by Sauce.

***Arguments of Parties***

In its motion to remand, the plaintiff argues that the defendants have not met their burden of proof that the joinder of Sauce was improper. That is, plaintiff argues that they have made valid claims against Sauce under the Louisiana Unfair Trade Practices Act, La. R.S. 51:1409, the "LUTPA," and for breach of fiduciary duty and loyalty, and intentional interference with contract. The defendants argue that the LUTPA does not apply to Sauce, as he is not a consumer or a business competitor of Enviroshield, and the plaintiff argues that consumers and business competitors are not the only members of the group afforded a right of private action under the LUTPA.[1]

The defendants further argue that even if the claims against Sauce for breach of fiduciary duty were properly made, the matter is still removable, as those claims are separate and independent from the claims made against Lonestar. That is, the claims against Sauce arise out of the fiduciary obligations between Sauce and plaintiff Enviroshield, of which Sauce was a member. In opposition to this argument, plaintiff argues that its claims for breach of fiduciary duty against Sauce are not separate and independent so as to allow removal under 28 U.S.C. §1441(c), as that statute allows the removal of separate and independent claims within the court's federal question jurisdiction, and is inapplicable to this matter, where there are no federal claims asserted.

---

[1] See *Response to Defendants' Opposition to Plaintiff's Motion to Remand* (rec. doc. 11), p. 3, citing *Jarrell v. Carter*, 577 So.2d 120, 123 (La.App. 1 Cir. 1991).

***Applicable Law***

<u>Law of Removal</u>

The removing party bears the burden of establishing the existence of federal jurisdiction over a state court suit. See, e.g., *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 397 (5th Cir. 1998). Furthermore, it is axiomatic that the lower federal courts are courts of limited jurisdiction and may exercise only the jurisdiction that has been conferred by Congress. E.g., *Trizec Properties, Inc. v. U. S. Mineral Products Co.*, 974 F.2d 602, 604 (5th Cir. 1992). Accordingly, there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing the action to federal court, and there is no time limit for filing a motion to remand on the basis of lack of subject matter jurisdiction. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

On the other hand, a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. A "procedural defect" is defined as any impropriety in the removal that would not deprive the district court of jurisdiction over the subject matter if the action had been filed as an original action in federal court. In other words, if this court would have had jurisdiction over the action had it been filed originally in federal court, any other irregularities in the removal constitute only procedural defects that are waived if not raised by a party within 30 days of removal. See, e.g., *Albarado v. Southern Pacific Transp. Co.*, 199 F.3d 762, 765-66 (5th Cir. 1999); 28 U.S.C. § 1447(c).

<u>Law of Improper Joinder</u>

The Fifth Circuit in *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), recently clarified the burden and process of weighing and examining claims of fraudulent joinder, more properly called "improper joinder," as follows:

> . . . we explained in *Travis v. Irby,* 326 F.3d 644, 646-47 (5th Cir. 2003 ), that the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in- state defendant.

The removing defendant bears the burden of demonstrating improper joinder. E.g., *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990). In *Smallwood*, the Fifth Circuit stated that "[o]rdinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573. However, in some few cases, where a plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder" the district court may pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573, citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 389, n.10, (5th Cir. 2000). However, the *Smallwood* court admonished district courts not to conduct substantial hearings into the merits, "as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim" as "[i]ndeed, the inability of make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Smallwood*, 385 F.3d at 574.

Although the district court may pierce the pleadings to examine affidavits and other evidentiary material, it should not conduct a full evidentiary hearing on questions of fact, but rather should make a summary determination by resolving all disputed facts in favor of the plaintiff. *Id.* The removing party thus bears a heavy burden of demonstrating improper joinder. See, e.g., *Sid Richardson Carbon & Gasoline Co.* at 751-52; *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990). The burden of persuasion on a party

claiming improper joinder "is a heavy one."  *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

*Discussion*

The defendants have not met their burden of persuasion that there is no reasonable possibility of recovery by the plaintiff against defendant Sauce.  The plaintiff has alleged that Sauce committed violations of the LUTPA, breached his fiduciary duties towards the plaintiff, and engaged in misrepresentation and interference with contract.  While the First Circuit Court of Appeal has held that the LUTPA is not restricted to business competitor and consumers, the federal Fifth Circuit Court of Appeals and this court have previously interpreted Louisiana law as restricting the LUTPA to business competitors and consumers.[2]  In any case, Sauce's relationships with Enviroshield as a member, and with Lonestar as an employee, may well have put him in a position comparable to a business competitor or consumer.  In a fraudulent joinder analysis, all disputed issues of fact, included Sauce's relationship status, are resolved in favor of the plaintiff.  The defendants have submitted an affidavit of Sauce, in which he basically attests that he did not commit the acts of which he is accused. Whether the plaintiff ultimately will prevail against defendant Sauce is not the question in a fraudulent joinder analysis. As observed by the Fifth Circuit in *Smallwood*, the inability of the court of make a decision in a summary fashion regarding the viability of the claims made itself points to the failure of the removing party

---

[2]See *Computer Management Assistance Co. v. Robert F. DeCastro, Inc.*, 220 F.3d 396 (5th Cir. 2000); Gardes *Directional Drilling v. U.S. Turnkey Exploration Co.*, 98 F.3d 860 (5th Cir. 1996); *Delta Truck & Tractor v. J.I. Case Co.*, 975 F.2d 1192 (5th Cir. 1992); *Shaw Indus., Inc. v.* Brett, 884 F.Supp. 1054 (M.D.La.1994); Watercraft *Management, L.L.C. v. Mercury Marine, Div. of Brunswick Corp.*, 191 F.Supp.2d 709 (M.D.La.2001).

to carry its burden.  Finally, the arguments regarding the separate and independent nature of the breach of fiduciary duty claims is simply not applicable to this matter, where there is no federal question present, and the claims are all intertwined, and not independent in any case.

*Recommendation*

For the reasons give above,

**IT IS THE RECOMMENDATION** of the court that this matter be **REMANDED** to the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana, for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on January 31, 2008.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ENVIROSHIELD TECHNOLOGIES, LLC**

**CIVIL ACTION**

**NUMBER 07-679-RET-DLD**

**VERSUS**

**LONESTAR CORROSION SERVICES, INC., ET AL**

## NOTICE

Please take notice that the attached Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report and Recommendation.  A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 31, 2008.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**